**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN CICILLINE JR., JEFFREY BATTERSON and CHRISTOPHER IOSELLO, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 07 C 2333 Judge Bucklo |
| JEWEL FOOD STORES, INC. | ) ) ) | Magistrate Judge Keys |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Stephen Cicilline Jr., Jeffrey Batterson and Christopher Iosello respectfully request that this Court enter an order determining that this action alleging violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), be certified as a class action.

Plaintiffs define the class as "all consumers to defendant Jewel Food Stores, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after the applicable effective date of FACTA, which receipt displays either (a) more than the last five digits of the consumer's credit card or debit card number; (b) the expiration date of the consumers's credit or debit card; and/or (c) both."

Plaintiffs further request that the undersigned counsel for all three plaintiffs be appointed as counsel for the class.

In support of this motion, plaintiffs state as follows:

**NATURE OF THE CASE**

1. One provision of the December 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

1

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

2. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007).

3. On two separate occasions, April 21, 2007 and April 30, 2007, plaintiff Cicilline received from Jewel Food Stores, Inc.'s location at 1224 S. Wabash, Chicago, IL 60605 a computer-generated receipt that displayed his credit card expiration date.

4. On April 8, 2007, plaintiff Batterson received from Jewel Food Stores, Inc.'s 13200 Village Green Drive, Huntley, Illinois location a computer-generated receipt that displayed his credit card expiration date.

5. On two separate occasions, April 25, 2007 and May 1, 2007, plaintiff Iosello received from Jewel Food Stores, Inc.'s location at 6509 West Grand Avenue, Gurnee, Illinois computer-generated receipts that displayed his credit card expiration date.

6. Section 1681c(g) is an essential protection against identity theft, which according to the Federal Trade Commission victimized some 9 million persons and caused over $57 billion in harm in 2006 alone. "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007 (Exhibit A). One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the information on them to engage in fraudulent transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 5, 2006, p. B1 (Exhibit B).

7. To curb identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or

more than the last five digits of the card number. The law gave merchants who accept credit and debit cards up to three years to comply. Full compliance was required by December 4, 2006.

8.  The need to "truncate" receipts was widely publicized among retailers. For example, the CEO of Visa USA, Carl Pascarella, explained on March 6, 2003 that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.... The first phase of this new policy goes into effect July 1, 2003 for all new terminals. . . . ." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003 (Exhibit C).

9.  The August 12, 2006 edition of "Rules for Visa Merchants" (Exhibit D, p. 62), which is binding upon all merchants that accept Visa cards, similarly makes clear that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." VISA required complete compliance by merchants accepting Visa card by July 1, 2006, five months ahead of the statutory deadline. (*Id.*)

10. Most of defendant's business peers and competitors readily brought their receipt printing process into compliance.

11. A private remedy is provided by FCRA §1681n, which provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
> > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000...**

3

**CLASS CERTIFICATION REQUIREMENTS**

12. All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

13. It is reasonable to conclude that the numerosity requirement of Fed.R.Civ.P. 23(a)(1) has been satisfied. Plaintiffs received, from three separate Jewel grocery stores, non-compliant receipts as late as five months after the effective date of 15 U.S.C. §1681c(g). Therefore, it is reasonable to assume that more than 200 consumers received non-compliant receipts, which would make joinder of all class members impractical.

14. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

    a. Whether defendant had a practice of providing customers with a sales or transaction receipt on which defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

    b. Whether defendant thereby violated FACTA; and

    c. Whether defendant's conduct was willful.

15. Plaintiffs' claims are typical of those of the class members. All are based on the same factual and legal theories.

16. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have no interests that conflict with the interests of class members. Plaintiffs have retained experienced counsel. (Exhibit E.)

17. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a. Consumers are unlikely to recognize the violation; and

    b. Individual actions are uneconomical.

18. Courts have recently held that actions alleging willful FCRA violations and seeking

statutory damages are appropriate for class resolution. See, e.g., *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464, 468 (N.D.Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387 (N.D.Ill. 2006); *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295 (N.D.Ill. 2005).

19.  In further support of this motion, plaintiffs submit the accompanying memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

/s/ Daniel Lynch
Daniel Lynch
*Counsel for Plaintiff Cicilline*

/s/ Keith J. Keogh
Keith J. Keogh
*Counsel for Plaintiff Batterson*

Daniel Lynch
Henry Bakersville
Law Offices of Daniel Lynch
150 S. Wacker Dr., Suite 2600
Chicago, IL 60606
(312) 346-8700
(312) 346-5180 (fax)

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092
(312) 726-1093 (fax)

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315
(646) 520-3237 (fax)

/s/ Thomas E. Soule
Thomas E. Soule
*Counsel for Plaintiff Iosello*

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (Fax)

## CERTIFICATE OF SERVICE

I, Thomas E. Soule, hereby certify that I electronically filed the preceding motion, and an accompanying memorandum of law, on September 12, 2007, and that the same was served on the same day upon the following individuals by operation of that system:

Martin B. Carroll
 (mcarroll@fhslc.com, klucas@fhslc.com)
Daniel F. Lynch
 (dan@daniellynchlaw.com, sbhaffner@aol.com, docketing@daniellynchlaw.com)
Henry M. Baskerville
 (hbaskerville@daniellynchlaw.com)

Furthermore, the same document was served, by facsimile transmission and U.S. mail on the same date to the following individuals:

Oren Giskan
Giskan Solotaroff & Anderson LLP
11 Broadway, Suite 2150
New York NY 10004
(646) 520-3235 (fax)

Kathlene W. Lowe
Dorsey & Whitney LLP
38 Technology Drive
Irvine CA 92618
(949) 932-3601 (fax)

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh Ltd.
227 W. Monroe St., Suite 2000
Chicago IL 60606
(312) 726-1093 (fax)

/s/ Thomas E. Soule
Thomas E. Soule