**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN CICILLINE, JR., *et al*, individually and on behalf of other similarly situated, ) ) ) Plaintiff, ) ) v. ) ) JEWEL FOOD STORES, INC., ) d/b/a JEWEL-OSCO, ) a New York corporation, ) ) Defendant. ) | 07 C 2333 Judge Bucklo |

**STATEMENT OF MATERIAL FACTS IN SUPPORT
OF PLAINTIFF'S CONVERTED MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO AFFIRMATIVE DEFENSES 16 & 17**

Plaintiff Christopher Iosello respectfully presents a statement of material facts under Local Rule 56.1, as follows:

1. Plaintiff Christopher Iosello resides in Gurnee, Illinois. (Transcript of Deposition of Christopher Iosello (Exhibit A) at 3:14 – 3:15.)

2. Defendant Jewel Food Stores does business in Illinois. (Answer to Consolidated Complaint (Docket No. 41) (Exhibit B), ¶14.)

3. Plaintiffs claim that defendant violated the Fair and Accurate Credit Transactions Act of 2003, P.L. 108-159 ("FACTA"), which amended the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA"). (Exhibit B, ¶1.)

4. This Court has jurisdiction over plaintiffs' claims, and is an appropriate venue for those claims. (Exhibit B, ¶¶11-12.)

1

5. Receipts that Iosello received from a Jewel supermarket in Gurnee, Illinois on April 25, 2007 and May 1, 2007 did not redact his expiration date. (Exhibit A at 13:8 – 14:9, 19:7 – 20:18.)

6. Defendant claims a number of affirmative defenses, including the following two:

> *16. Enforcing plaintiffs' interpretation of 15 U.S.C. §1681c(g) would interfere with Jewel's First Amendment rights under the United States Constitution as to what information it gives its customers on their receipts by unnecessarily impeding its ability as a retailer to confirm to its customers that the transaction has been appropriately charged.*
>
> *17. Alternatively, if plaintiffs' interpretation of 15 U.S.C. §1681c(g) is adopted, the means that Congress chose to address identity theft exceeded the governmental interest asserted, and prohibiting the printing of a card expiration date is a more extensive prohibition than is necessary to serve the governmental interest. If 15 U.S.C. §1681c(g) prohibits printing a card expiration date on a receipt delivered to a consumer which displays only the last four or five digits of the consumer's card, then the statute is unconstitutional under the First Amendment to the United States Constitution.*

(Exhibit B at 13 (Affirmative Defenses 16 and 17).)

7. At least half of those who suffered identity theft in 2003 experienced "misuse of existing credit card or credit card number." (Federal Trade Commission Identity Theft Survey Report (Sept. 2003) (excerpts attached as Exhibit C) at 5.)

8. Millions of Americans in 2003 experienced "misuse of existing credit card or credit card number," with consumers losing hundreds of millions of dollars per year as well as time and effort relating to the rectification of the fraud. (Exhibit C at 7.)

9. Of those who experience credit card fraud, less than one-fifth know the identity of the person who misused their credit card accounts. (Exhibit C at 28.)

10. The truncation requirement established by FACTA has been described as a

"sound security practice," or as a "reasonable, useful and appropriate means to help curb identity theft," or as an "effort to establish a broader national uniform rule." ("H.R. 2622 – Fair and Accurate Credit Transactions Act of 2003," Hearing before H. Fin. Servs. Comm., Serial No. 108-47 (July 9, 2003) (excerpts attached as <u>Exhibit D</u>); Testimony of John Dugan on the behalf of the Financial Services Coordinating Council, <u>Exhibit D</u> at 40, 143-144; Testimony of Kayce Bell on the behalf of the Credit Union National Association, <u>Exhibit D</u> at 77, 115; Testimony of L. Richard Fischer on the behalf of Visa U.S.A., Inc., <u>Exhibit D</u> at 163-164.)

11. Identity theft is a "serious national problem [and] uniform legislation to combat identity theft is in everyone's best interest." (Defendant's Response to Plaintiff's Motion for Partial Judgment on the Pleadings (Docket No. 36) at 5.)

12. If a person acquires a monthly credit card or debit card statement of an individual, acquires a receipt with the expiration date, and has information that confirms that the expiration date is connected to the credit or debit card named in the statement, that person could commit credit card fraud. (Transcript of Deposition of Joel Lisker (<u>Exhibit E</u>) at 60:13 – 61:2.)

13. In recent years, card validation values ("CVVs"), or card validation codes ("CVCs") have been added to credit and debit cards; these are found on the back of cards. These codes are intended to be an additional safeguard against fraudulent transactions. However, CVV and CVC numbers are not requested in all transactions, according to the discretion of the merchant. In particular, low-amount purchases are less likely to require the use of a CVV or CVC number in order to complete a transaction. (<u>Exhibit E</u> at 58:24 – 59:23, 61:3 – 61:18, 95:3 – 96:8.)

14. Expiration dates are used by merchants as a check against fraudulent purchases.

Visa, for example, requires merchants who accept "card-not-present" transactions (*e.g.*, transactions completed over the telephone), to ask for the expiration date, stating that "including the date helps to verify that the card and transaction are legitimate." ("Rules for Visa Merchants" (Exhibit F) at 40.) For point-of-sale transactions, Visa requires merchants to "periodically remind point-of-sale staff to check the card's expiration date before completing transactions and to always obtain an authorization approval if the card is expired." (*Id*. at 101-102 ("Reason Code 73: Expired Card"). See *id*. at 7 and 62 (similar).)

15. Credit card and expiration dates are sold to identity thieves, together, over the Internet. (Exhibit E at 112:5 – 112:10.)

16. Criminals use, and traffic in, both card numbers and expiration dates, information that could be obtained through low-tech means such as "dumpster diving." ("Overexposed: The Threats to Privacy and Security on Filesharing Networks," Hearing before H. Gov't Reform Comm., Serial No. 108-26 (May 15, 2003) (excerpts attached as Exhibit G); Testimony of Mari J. Frank, Exhibit G at 67, 73-74, 82-84 and Testimony of James E. Farnan, Deputy Assistant Director, Federal Bureau of Investigation, Exhibit G at 92; see *id.* at 13 (administration of oath to witnesses).)

17. The required truncation of credit and debit card receipts, including specifically the elimination of expiration dates from receipts, was an action that enjoyed strong support in the consumer finance industry. ("Fighting Identity Theft – The Role of FCRA," Hearing before H. Fin. Servs. Comm., Fin. Insts. and Consumer Credit Subcomm., Serial No. 108-42 (excerpts attached as Exhibit H); Testimony of James K. Kallstrom, Sr., Executive Vice President of MBNA America Bank, Exhibit H at 132.)

                                              Respectfully submitted,

                                              /s/ Thomas E. Soule
                                              Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

      I, Thomas E. Soule, hereby certify that the preceding document, and the exhibits attached thereto, was filed on November 15, 2007 through the Court's electronic filing system. The same papers were served upon the following individuals on the same date, by the methods indicated:

*By e-mail notification through operation of the Court's electronic filing system*

Henry Baskerville, IV (hbaskerville@daniellynchlaw.com)
Alexander Burke (aburke@keoghlaw.com)
Martin Carroll (mcarroll@fhslc.com)
Keith Keogh (keith@keoghlaw.com)
Daniel Lynch (dan@daniellynchlaw.com)

*By overnight delivery*

Oren Giskan
Giskan Solotaroff & Anderson LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 520-3237 (fax)

Kathlene Lowe
Dorsey & Whitney LLP
38 Technology Drive
Irvine CA 92618
(949) 932-3601 (fax)

                                                               /s/ Thomas E. Soule
                                                               Thomas E. Soule